UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHERYL LATVALA<br><br>        Plaintiff,<br><br>v.<br><br>AMSTERDAM HOSPITALITY GROUP LLC , AMSTERDAM HOSPITALITY GROUP also known as AMSTERDAM HOSPITALITY GROUP OF NEW YORK ASTERDAM HOSPITALITY NEW YORK HOTEL GROUP d/b/a BERKELEY OCEAN-FRONT HOTEL d/b/a/ BERKELEY HOTEL d/b/a BERKELEY CARTERET HOTEL SERVICES OF NEW YORK, INC, GEORGE G. DFOUNI (named as Chief Operating Officer and Individually), JOSEPH JENCI, SHANNON CALZONETTI, AND BLAKE DANNER<br><br>        Defendant. | Civil Action No. 11-cv-2809 (PGS)<br><br>MEMORANDUM AND ORDER |

   This matter is before the Court on a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1).  The Court denies oral argument. L. Civ. R. 78.1(d).

   Plaintiff, Cheryl Latvala resides in  Brick Township, New Jersey.  She was employed with Amsterdam Hospitality at the Berkeley Carteret Hotel in Asbury Park, New Jersey from July 18, 2007 to January 9, 2010 as the banquet sales manager.

   On May 17, 2011, Plaintiff filed her Complaint. Plaintiff asserts that the federal court has jurisdiction 1) due to diversity of citizenship; and 2) that the claims exceed $75,000.00.

According to the Complaint, Plaintiff is a citizen of New Jersey, and all of the defendants are citizens of New York.   Defendants contest diversity jurisdiction.  The Amsterdam Hospitality Group is a limited liability company formed under the laws of the State of New York, and is principally located there.  However, three of the four individual defendants, George G. Dfouni, Joseph Jenci, and Shannon Calzonetti are/were  residents of New Jersey at the time of the filing of the Complaint (May 17, 2011) (hereinafter "filing date").  By way of affidavit, these individual defendants aver as follows:

On the filing date, defendants Joseph Jenci, George Dfouni and Shannon Calzonetti were citizens of New Jersey.  Ms. Calzonetti has resided in Neptune City, New Jersey and has worked exclusively in New Jersey for the past five years. In addition, Ms. Calzonetti has held a New Jersey driver's license since 1999, and has been registered to vote in New Jersey since 1999.

George G. Dfouni resided in Bergenfield, New Jersey on the filing date.  He also held a New Jersey driver's license, and he was registered to vote in New Jersey on the filing date.

Joseph Jenci states that when the suit was filed, he was a resident of Asbury Park, New Jersey, and he had been living there since March of 2008. Moreover, he held a New Jersey driver's license and is registered to vote in New Jersey.

In opposition, Plaintiff argues that the individuals had no intent of being citizens of New Jersey, and as such, domicile was not established.  Plaintiff argues that  "domicile is established by a party's physical presence in a state with an intent to remain there indefinitely." *See Juvelis v. Snider*, 68 F. 3d 648, 654 (3d Cir.1995).  It is Plaintiff's argument that with regard to Jenci and Dfouni, their "intent to remain in New Jersey indefinitely may have been lacking" and that they may have changed residence shortly after the filing date, thereby failing to show domicile in New

Jersey.  Plaintiff has presented few (if any) facts to support the lack of intent to domicile argument; and his contentions in opposition are hypothetical.  As such, the Court rejects same.

Plaintiff also seeks alternative relief.  That is, Plaintiff requests that the Court sever and dismiss non-diverse parties in order to retain its diversity jurisdiction. *Publicker Indus. v. Roman Ceramics Co.*, 603 F.2d 1065, 1068-69 (3d Cir. 1979).  According to Plaintiff, a federal district court "has the power to preserve and perfect its diversity jurisdiction" by dropping any non-diverse party as long as that party is not an indispensable party whose presence in the action is required under the Rules. *Brown v. Tex. & Pac. R.R.*, 392 F. Supp. 1120,1123 (W.D. La. 1975).

Pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(1), a claim can be dismissed for "lack of jurisdiction over the subject matter."  This motion to dismiss may be asserted at any time in a case. *In re Kaiser Group Int'l, Inc.*, 399 F.3d 558, 565 (3d Cir. 2005).  When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In a factual challenge to subject matter jurisdiction, there is no presumption of truthfulness to a plaintiff's claims in the complaint.  *RLR Invs., LLC v. Town of Kearny*, 2007 U.S. Dist. LEXIS 44703, at *8 (D.N.J. June 20, 2007) (citations omitted). Generally, "[w]hen resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." *Med. Soc'y of N.J. v. Herr*, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing *Gould Elecs. Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000)). Here, Plaintiff barely refutes the non-diversity of the individual defendants, and the argument that defendants lack of intent to domicile in New Jersey is a very slender reed upon which to rely.

Alternatively, Plaintiff requests that the Court maintain jurisdiction against the Amsterdam Hospitality Group on breach of contract counts, unjust enrichment, quantum merruit, wrongful termination and NJLAD discrimination and hostile work environment claims.  In other words, plaintiff seeks to dismiss individual defendants and several other causes of action.

The general rule is whether diversity of citizenship existed at the time of filing an action. See *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004). This rule was adopted about two centuries ago by Chief Justice Marshall.  *Conolly v. Taylor*, 27 U.S. 556, 1829 U.S. LEXIS 421 (1829). It has been reaffirmed recently when Justice Scalia noted that  "a court's subject-matter jurisdiction cannot be expanded to account for  the parties' litigation conduct." *Kontrick v. Ryan*, 540 U.S. 443, 157 L. Ed. 2d 867, 872, 124 S. Ct. 906 (2004). Here, Plaintiff seeks to dismiss non-diverse defendants, and then allow the case to proceed.  The Court disagrees with that approach.  On the filing date, three of the individual defendants were not diverse.  The Supreme Court holding in *Kontrick* requires dismissal here because extending jurisdiction due to a party's conduct is suspect.

Therefore, the Court finding that the Plaintiff is a citizen of New Jersey, and defendants Joseph Jenci, George Dfouni and Shannon Calzonetti were citizens of New Jersey at the time this action was filed;

IT IS on this 8th day of November, 2012;

ORDERED that the motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1) is granted.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.